IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MOHAN PROPERTIES, LLC<br>d/b/a TAJ Restaurant, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:24-cv-793-JTA |
| | ) | (WO) |
| UNIFORM PAVING AND SEAL | ) | |
| COATING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court[1] are Plaintiff Mohan Properties, LLC's motion to remand and motion for attorney's fees and costs. (Doc. No. 8.) For the reasons set forth below, the motions are due to be granted.

## I.    JURISDICTION AND VENUE

Defendant Uniform Paving and Seal Coating, LLC, alleges jurisdiction is proper under 28 U.S.C. § 1332. The parties are completely diverse. However, the parties dispute whether the amount in controversy exceeds $75,000.

Venue is proper, as Plaintiff filed the complaint in the Circuit Court for Houston County, Alabama, which is within the Middle District of Alabama, Southern Division.

---

[1] The parties consented to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. No. 11.)

## II.    FACTS[2] AND PROCEDURAL HISTORY

On November 4, 2024, Plaintiff filed a complaint in the Circuit Court for Houston County, Alabama. (Doc. No. 1-7 at 2–6.) Plaintiff alleges it entered a contract with Defendant in June 2023. (*Id*. at 3.) Under the contract, Defendant agreed to pave the parking lot of Plaintiff's restaurant in exchange for $161,000.00. (*Id*.) The parties agreed to a $60,000.00 down payment, which Plaintiff paid in August 2023.[3] (*Id*.) Thereafter, Defendant "performed virtually no substantive work of any kind, refused to refund [Plaintiff's] down payment, and ignored [Plaintiff's] calls and text messages." (*Id.*) Plaintiff also alleges Defendant, a Georgia limited liability company, concealed the fact that it was not licensed to do business in Alabama where the restaurant was located. (*Id*. at 4.) Plaintiff brings state law claims for conversion, money had and received, unjust enrichment, fraudulent suppression, and promissory fraud. Exclusive of interest and costs,[4] Plaintiff seeks exactly $75,000.00 in damages: compensatory damages for the amount of the $60,000.00 down payment and "punitive damages in the amount of $15,000.00." (*Id*. at 5.)

---

[2] The underlying facts are taken from the allegations of the complaint and are presumed true solely for purposes of this Memorandum Opinion. Because removal is only permissible if the plaintiff's claims could have been filed in federal court originally, in deciding a motion to remand, the Court must look to these claims to determine whether removal was appropriate. *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1095 (11th Cir. 1994); *Pintando v. Miami–Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) (per curiam) ("[T]he district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction.").

[3] Plaintiff does not allege it paid the full contract price.

[4] Costs and prejudgment interest are not counted toward the amount in controversy for purposes of establishing diversity jurisdiction. 28 U.S.C. § 1332(a).

On December 9, 2024, Defendant removed the case to this Court. (Doc. No. 1.)  In the notice of removal, Defendant contends the amount in controversy necessary for diversity jurisdiction is established because (1) the total contract price was $161,000.00, (2) punitive damages would bring Plaintiff's claims within the jurisdictional minimum, and (3) Defendant "intend[ed] to assert counterclaims that would exceed the amount in controversy required" for diversity jurisdiction. (Doc. No. 1 at 4.)

On January 21, 2025, Plaintiff filed a motion to remand.[5] (Doc. No. 8.) Plaintiff argues (1) the compensatory damages in this action are not defined by the total contract price, but by the $60,000.00 down payment Defendant refused to return; (2) Defendants failed to demonstrate the availability of punitive damages pushes the total amount in controversy over the $75,000.00 expressly demanded in the complaint; and (3) Defendants never filed a counterclaim. (*Id*.) Plaintiff also contends it is entitled to attorney's fees and costs on grounds that Defendant lacked an objectively reasonable basis for removal. (*Id*. at 4.)

Defendant filed a timely[6] response opposing the motion to remand. (Doc. No. 10.) In its response, Defendant no longer relied on a potential counterclaim to establish the

---

[5] Plaintiff timely filed the motion to remand. *See* 28 U.S.C. § 1447(c) (excepting motions to remand for lack of subject matter jurisdiction from the general 30-day deadline for remand motions and providing: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Plaintiff refrained from filing a motion to remand until shortly after learning Defendant no longer intended to file a counterclaim. (Doc. No. 8 at 2.)

[6] On January 21, 2025, the Court entered an order requiring Defendant to file a response to the motion to remand and motion for attorney's fees on or before February 4, 2025, and requiring Plaintiff to file a reply on or before February 11, 2025. (Doc. No. 9.)

amount in controversy, but reiterated its other previous arguments to establish diversity jurisdiction. Plaintiff filed a timely reply. (Doc. No. 16.)

The parties also have briefed the motion for attorney's fees. (*See* Docs. No. 17, 28, 19, 20.)

This matter is ripe for review.

### III.    STANDARD OF REVIEW

A.    Motion to Remand

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns*, 31 F.3d at 1095; *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). Federal courts only have the power to hear cases they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). Thus, a lawsuit filed in state court may be removed to federal court based on either diversity jurisdiction[7] or federal question jurisdiction.[8] *See Pacheco DePerez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

---

[7] Diversity jurisdiction exists in civil actions filed between the citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002).

[8] Federal question jurisdiction exists if the suit arises under "the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

The removing party has the burden of establishing this Court has subject matter jurisdiction over an action. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction). "Because removal is only permissible when [the] plaintiff's claim could have been filed in federal court originally, [the court] must look to [the] plaintiff's claim to determine whether removal was appropriate." *Burns*, 31 F.3d at 1095.

If the complaint expressly limits the demand for damages to less than the jurisdictional minimum, and if state law "permits recovery of damages in excess of the amount demanded," the notice of removal "may assert the amount in controversy," and the removing party need only establish the amount in controversy "by a preponderance of the evidence." 28 U.S.C. § 1446(c)(2)(A)(ii), (B). In satisfying the preponderance of the evidence standard, a defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Nonetheless, mere speculation or a guess as to the amount in controversy is impermissible. *Id.* "A defendant may submit affidavits, depositions, or other evidence to support removal." *Lott v. Metro. Life Ins. Co.*, 849 F. Supp. 1451, 1452 (M.D. Ala. 1993) (citation omitted).

If Alabama law does not allow recovery of more than the amount expressly demanded in the complaint, the plaintiff's valuation of its own case "deserves deference and a presumption of truth." *Burns*, 31 F.3d at 1095.[9] Under *Burns*, the Court must remand

---

[9] *Burns* was decided in 1994. Functionally, it has been abrogated in part by 28 U.S.C. § 1446(c)(2), which was revised in 2011. Section 1446(c)(2) provides as follows:

unless the defendant meets the "heavy" burden of proving "to a legal certainty" that the amount in controversy "must exceed" the jurisdictional minimum. *Id.* at 1092; *see also BioClean Remediation, LLC v. Vivial Media, LLC*, No. 2:24-CV-00150-RDP, 2024 WL 3316987, at *3 (N.D. Ala. July 5, 2024) (discussing the reasoning behind the demanding standard of proof that applies when the removing party contends damages exceed the amount expressly claimed in the complaint). To satisfy the "legal certainty" standard, the removing party must show "that, if [the] plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more" than the jurisdictional minimum. *Burns*, 31 F.3d at 1096. However, "if there is a chance that a state court would award a prevailing plaintiff less than the jurisdictional amount, [the] federal court must remand." *Burns*, 31 F.3d at 1096 n.9.

Further, because federal court jurisdiction is limited, "uncertainties are resolved in favor of remand." *Id.* at 1095.

---

If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—

(A) the notice of removal may assert the amount in controversy if the initial pleading seeks--

(i)    nonmonetary relief; or

(ii)   a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

B.    Motion for Attorney's Fees

"[T]he standard for awarding [attorney's] fees . . . turn[s] on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Except in "unusual circumstances,[10] courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. If the removing party's basis for removal was objectively reasonable, "fees should be denied." *Id*. (citations omitted).

## IV.    DISCUSSION

A.    Motion to Remand

The relevant jurisdictional statute requires damages to "*exceed* the sum or value of $75,000.00, exclusive of interests and costs." 28 U.S.C. § 1332(a) (emphasis added). Plaintiff has demanded damages of *exactly* $75,000.00, exclusive of interests and costs. Thus, Defendant has the burden to establish Plaintiff's damages are at least one penny more than Plaintiff expressly demands. Defendant has not satisfied its burden.

1.    Defendant Fails to Establish Plaintiff's Compensatory Damages Exceed the Amount Specifically Demanded in the Complaint

Because Plaintiff admittedly seeks $15,000.00 in punitive damages, to overcome the jurisdictional minimum, Defendant need only show[11] Plaintiff is entitled to recover

---

[10] "District courts retain discretion to consider whether unusual circumstances warrant a departure" from the rule allowing an award of attorney's fees where the defendant lacked a reasonable basis for removal. *Martin*, 546 U.S. at 141. "For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Id*.

[11] The parties agree that Defendant need only meet the preponderance-of-the-evidence standard to prove the amount in controversy. Yet, the Court notes the preponderance-of-the-evidence standard in 28 U.S.C. § 1446(c)(2) only applies where state law "permits recovery of damages in excess of

more than the $60,000.00 in compensatory damages Plaintiff expressly claims. *See* 28 U.S.C. § 1332. However, Defendant offers no relevant evidence or legal authority to demonstrate Plaintiff's compensatory damages could exceed $60,000.00.

Specifically, in the notice of removal, Defendant alleges the amount in controversy is at least $161,000.00 in compensatory damages, which represents the full contract price. Defendant points to no facts or claims in the complaint that could entitle Plaintiff to recover the full contract price. Instead, Plaintiff's specific demand for compensatory damages is based on the facts alleged in the complaint and Plaintiff's theories of recovery, which are aimed at recouping the sum-certain $60,000.00 down payment. Defendant offers no legal theory, authority,[12] or evidence to show that, under the facts and claims asserted in the

the amount demanded," or precludes a party from demanding a sum certain. Defendant contends § 1446(c)(2)'s preponderance-of-the-evidence standard applies because Rule 54(c) of the Alabama Rules of Civil Procedure theoretically allows plaintiffs to recover damages in excess of the amount claimed. But Rule 54(c) specifically provides: "[E]very final judgment shall grant the relief *to which the party in whose favor it is rendered is entitled*, even if the party has not demanded such relief in the party's pleadings." Ala. R. Civ. P. 54(c) (emphasis added).

Here, in terms of compensatory damages, the facts alleged in the complaint indicate Plaintiff's loss is limited to the sum-certain $60,000.00 down payment. Plaintiff's express demand for $60,000.00 in compensatory damages stems from alternative theories of recovering the down payment. Aside from citing the full contract price, which is irrelevant to calculating Plaintiff's damages, Defendant has not explained how, in any plausible scenario relevant to the facts and claims set forth in the complaint, Alabama law and practice could entitle Plaintiff to more than the $60,000.00 down payment in compensatory damages. Thus, the *Burns* standard may apply here. Nevertheless, the Court need not resolve the issue of Defendant's burden of proof because, under either approach, Defendant has not adequately established Plaintiff's compensatory damages meet the jurisdictional minimum. Both standards of review require Defendant to provide a threshold level of evidence or authority to satisfy the amount in controversy, and Defendant has failed to supply *any* valid, relevant evidence or authority to support its position.

[12] Rule 54(c) does not, by itself, satisfy Defendant's burden to show by a preponderance of the evidence that Plaintiff can recover more than $60,000.00 in compensatory damages on the claims alleged in this action. Under § 1446(c)(2), the availability of damages in excess of the amount stated in the complaint merely opens the door for Defendant to allege and (if challenged) prove the jurisdictional amount by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(A)(ii),(B).

complaint, Alabama law entitles Plaintiff to recover the full contract price, or even one penny more than $60,000.00 in compensation for the down payment. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1065 (11th Cir. 2010) ("To determine whether a complaint sets forth a claim that meets the jurisdictional minimum . . . we examine the allegations in light of the particular causes of action chosen by the plaintiff."). Accordingly, Defendant has failed to establish Plaintiff's compensatory damages exceed $60,000.00.

2.    Defendant Fails to Establish Plaintiff's Punitive Damages Exceed the Amount Specifically Demanded in the Complaint

As explained in the previous section of this Memorandum Opinion, Plaintiff's compensatory damages amount to $60,000.00. Therefore, pursuant to 28 U.S.C. § 1446(c)(2),[13] to demonstrate the total amount in controversy exceeds the sum or value of $75,000.00, Defendant need only prove by a preponderance of the evidence Plaintiff's punitive damages exceed $15,000.00. Defendant has failed to carry that burden.

Defendant presents case law and legal authority indicating Alabama courts *can* award more punitive damages than requested and "'Alabama law permits an award of

---

[13] In contrast to Plaintiff's claim for $60,000.00 in compensatory damages to recover the cost of the down payment, the facts and causes of action asserted in the complaint do not inherently limit punitive damages to the amount listed in the *ad damnum* clause. Under such circumstances, Alabama law entitles Plaintiff to recover more than the claimed $15,000.00 in punitive damages. *See* Ala. Code 1975 § 6-11-21 (a) (providing that, unless the defendant is a small business or the case is one for physical injury or wrongful death, "where an entitlement to punitive damages shall have been established under applicable laws," the punitive damages award may not "exceed three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater"); Ala. Code § 6-11-21(b) (providing that, unless the case is one for physical injury or wrongful death, "no award of punitive damages" against a small business "shall exceed fifty thousand dollars ($50,000) or 10 percent of the business'[s] net worth, whichever is greater"); Ala. R. Civ. P. 54(c) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."). Therefore, § 1446(c)(2)'s preponderance-of-the-evidence standard applies in determining whether punitive damages are sufficient to bring the amount in controversy to the jurisdictional minimum.

punitive damages in an amount three times the compensatory damages awarded or $500,000.00, whichever is greater.'" (Doc. No. 10 at 2 (quoting *Battle v. Nationwide Mut. Fire Ins. Co*., No. 2:19-CV-01348-SGC, 2020 WL 978807, at *4 (N.D. Ala. Feb. 28, 2020) (quoting in turn Ala. Code 1975 §§ 6-11-20(a), 6-11-21(a))).) The fact that state practice theoretically allows a plaintiff to recover more than the amount demanded cannot satisfy Defendant's burden. *See Mustafa v. Mkt. St. Mortg. Corp*., 840 F. Supp. 2d 1287, 1291–92 (M.D. Ala. 2012) (rejecting a removing party's attempt, unsupported by reference to facts alleged in the complaint, to prove the amount of punitive damages by "applying a single digit multiplier" to the amount of compensatory damages; the court reasoned that "[w]oodenly applying a single digit multiple of the compensatory damages claimed, without a non-speculative reason to believe the jury would come back with such an award, . . . is not a reasonable extrapolation from the pleadings under *Roe*"). Instead, the theoretical availability of punitive damages in excess of Plaintiff's express demand merely opens the door for Defendant to prove, "by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(A)(ii), (B).

It is well established that, in applying the preponderance-of-the-evidence standard, district courts can rely on common sense to "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings." *Roe v. Michelin N. Am., Inc*., 613 F.3d 1058, 1066 (11th Cir. 2010). It is equally well-established that courts cannot create jurisdiction over a removed case by pulling assumptions out of thin air or by making extrapolations that are wholly untethered to the pleadings at hand. *See Lowery v. Alabama*

*Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007) ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."); *Stilwell Enters., LLC v. Merchants Co., Inc.*, No. 2:18CV374-WC, 2018 WL 11206326, at *2 (M.D. Ala. July 12, 2018) ("A removing party may not resort to 'conjecture, speculation, or star gazing' to show that the jurisdictional threshold is satisfied." (quoting *Pretka*, 608 F.3d at 754)).

Hence, courts have repeatedly held that the preponderance-of-the-evidence standard requires the removing party to provide evidence and legal authority specifically relevant to the amount recoverable on the plaintiff's claims as alleged in the complaint. *See Roe*, 613 F.3d at 1065 (holding that a court's determination "whether a complaint sets forth a claim that meets the jurisdictional minimum" must be based on an "examin[ation of] the allegations in light of the particular causes of action chosen by the plaintiff"). Defendant has provided absolutely no evidence, argument, or case law demonstrating Plaintiff's claims, as alleged in the complaint, could merit a punitive damages award in excess of $15,000.00. For instance, Defendant has cited no cases[14] and identified nothing specific in

---

[14] Often, when removing a case involving punitive damages, a removing party will cite similar cases as examples to support an inference the case satisfies the amount in controversy. Even in those circumstances, to carry the removing party's burden, the cited cases must be sufficiently relevant to the plaintiff's complaint to support a reasonable inference as to the amount in controversy in the removed case. *See, e.g.*, *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003) (holding that "mere citation to what has happened" in other cases "in the past does nothing to overcome the indeterminate and speculative nature of [the removing party]'s assertion" regarding the amount of punitive damages at issue "in this case"); *see also Clemmons v. State Farm Fire & Cas., Co*., No. 1:24-CV-772-JTA, 2025 WL 1270084, at *3 & n.8 (M.D. Ala. May 1, 2025) (holding that a removing party failed to demonstrate the amount in controversy when the party cited cases involving large punitive damages awards, "but . . . fail[ed] to explain why the facts Plaintiff alleged in the Complaint would warrant such damages"). Here, Defendant has not even attempted to cite comparison cases, much less demonstrate their relevance to Plaintiff's claims.

the complaint that would even arguably support a reasonable inference that Plaintiff's punitive damages could conceivably amount to triple its compensatory damages. In relying merely on the fact that Alabama theoretically permits recovery of punitive damages up to triple the amount of compensatory damages, Defendant shirks its burden of proof, ignores established precedent, and defies both the text of 28 U.S.C. § 1446(c)(2) and "the foundational principal that a federal court should [narrowly] construe its removal jurisdiction[]." *Mustafa*, 840 F. Supp. 2d at 1291–92; *see also Est. of Garland v. Globe Life & Accident Ins. Co*., No. 2:24-cv-628-KFP, 2025 WL 467456, at *3 (M.D. Ala. Feb. 11, 2025) ("When considering punitive damages, a court must decide whether it is more likely than not that the damages satisfy the jurisdictional requirement, not whether they could conceivably do so."). Defendant has not carried its burden.

3.    Defendant's Self-Professed Intent to File a Counterclaim After Removal Does Not Satisfy the Amount-in-Controversy Requirement

In the notice of removal, Defendant relied on its then-existing avowed "inten[t] to assert counterclaims that would exceed the amount in controversy required by this court" to establish subject matter jurisdiction. (Doc. No. 1 at 4.) At the time of removal, Defendant had not filed any counterclaims in state court.[15] Defendant's reliance on its ephemeral intent to file counterclaims[16] after removal is abjectly devoid of merit. It runs flatly counter

---

[15] Defendant never filed the counterclaims. In response to the motion to remand, Defendant's counsel represented that he "originally *considered* filing a counterclaim in this matter. However, after consulting with the Defendant, [counsel] decided against doing so and notified Plaintiff's counsel." (Doc. No. 10 at 1 (emphasis added). *But see* Doc. No. 1 at 20 (Defendant's statement in the notice of removal that it "*intends* to assert counterclaims" (emphasis added)).)

[16] In all probability, even if Defendant had filed a compulsory counterclaim prior to removal, the counterclaim could not supply evidence of the amount in controversy for determining diversity jurisdiction over the removed action. *See Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 442

to the bedrock principle that the amount in controversy is measured as of the time of removal. *Dyson v. Pittman*, No. 1:22-cv-192-TFM-B, 2022 WL 3571907, at *2 (S.D. Ala. July 15, 2022), *report and recommendation adopted*, No. 1:22-cv-192-TFM-B, 2022 WL 3568180 (S.D. Ala. Aug. 18, 2022) (rejecting a defendant's reliance "on his anticipated counterclaims to satisfy the amount-in-controversy requirement" on grounds that the "contemplated counterclaims and concomitant request for relief . . . are irrelevant . . . because the Court must evaluate the amount in controversy at the time of removal, not later" (collecting cases)); *see* 28 U.S.C. § 1446(c)(3)(A) (providing that, where "the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a)," the case may be removed in reliance on subsequent "information relating to the amount in controversy" that is contained "*in the record of the State proceeding, or in responses to discovery*" (emphasis added)); *see also Sutherland v. Glob. Equip. Co*., 789 F. App'x 156, 162 (11th Cir. 2019) ("Diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal, *regardless of any subsequent change to the amount in controversy*." (citing *PTA-FLA, Inc. v. ZTE USA, Inc*., 844 F.3d 1299, 1306 (11th Cir. 2016) (emphasis added));

---

(2019) (holding that "a third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a)" because, among other reasons, "[§] 1441(a) . . . does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action"); *see also*, *e.g.*, *Cottonwood Cap. v. Simpson*, No. 1:25-cv-01175-VMC, 2025 WL 842806, at *2 (N.D. Ga. Mar. 7, 2025) ("The amount-in-controversy requirement must be satisfied by the underlying action; a removing party cannot satisfy the requirement with any defense or counterclaim." (collecting cases)), *appeal dismissed*, No. 25-10853-C, 2025 WL 1662230 (11th Cir. Apr. 30, 2025); *Fox v. Bulkley*, No. 3:24-CV-00031-TES, 2024 WL 2239742, at *5 (M.D. Ga. May 17, 2024) ("Do counterclaims count toward the amount in controversy? . . . [T]he answer is no—counterclaims do not count toward the amount in controversy for the purposes of diversity jurisdiction." (citing *Home Depot* and other cases)), *reconsideration denied*, No. 3:24-CV-00031-TES, 2024 WL 2884167 (M.D. Ga. June 7, 2024).

*Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("[F]or purposes of this challenge to the subject matter jurisdiction of the district court, the critical time" for determining whether the amount in controversy exceeds $75,000.00 "is the date of removal."); *Bettis v. RoundPoint Mortg. Co.*, No. CV 19-0699-WS-N, 2019 WL 6324537, at *1 (S.D. Ala. Nov. 26, 2019) (referring to "the well-worn general principle that, if jurisdiction did not exist on" the date of removal, "then remand is mandatory, irrespective of what transpires post-removal"); *Stilwell*, 2018 WL 11206326, at *1 ("When determining whether subject matter jurisdiction exists under the diversity statute, the district court must focus upon the amount that was in controversy *on the date the case was removed from state court*." (emphasis in original) (collecting cases)).

In any event, in response to the motion to remand, Defendant abandoned reliance on its counterclaims to establish the amount in controversy. Consequently, Defendant's stated intent at the time of removal to file a counterclaim does not satisfy its burden to establish the existence of subject matter jurisdiction.

B.     Motion for Attorney's Fees and Costs

28 U.S.C. § 1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under § 1447(c), a court has discretion to award attorney's fees and costs when the removing party lacks an objectively reasonable basis for removing the action to federal court. *Martin*, 546 U.S. at 141.

In response to Plaintiff's supplemental motion for attorney's fees and costs, Defendant continues to insist it intended to file a counterclaim at the time of removal. (Doc.

14

No. 19 at 1 ¶ 3.) As explained in this Memorandum Opinion, the law provides no objectively reasonable grounds for removing a case in reliance on an intent to file a counterclaim, no matter how sincere that intent may be. *See Digital 1 Media, Inc. v. Van Almen*, No. 8:09-cv-1097-T-33TBM, 2010 WL 3259788, at *3 (M.D. Fla. July 27, 2010) ("Removal on grounds that a defendant might file a federal counterclaim is not an objectively reasonable basis."), *report and recommendation adopted*, No. 8:09-cv-1097-T-33TBM, 2010 WL 3259786 (M.D. Fla. Aug. 16, 2010).

Defendant also contends it is entitled to "an offset" in the amount of its expenses and the work it performed.[17] Moreover, Defendant makes no attempt to demonstrate how *reducing* Plaintiff's recovery based on an offset would increase the total amount in controversy to the jurisdictional minimum. Furthermore, Defendant's argument refers to an offset found nowhere in the record of the state court proceedings at the time of removal. As explained more fully in this Memorandum Opinion, reliance on evidence not in the record at the time of removal runs directly counter to controlling law. 28 U.S.C. § 1446(c)(3)(A) (providing that, where the amount in controversy is not established by the complaint, it may be established by material that is contained "in the record of the State proceeding, or in responses to discovery"); *see*, *e.g.*, *Dyson*, 2022 WL 3571907, at *2 (ruling that the defendant's "contemplated counterclaims and concomitant request for relief . . . are irrelevant . . . because the Court must evaluate the amount in controversy at the time

---

[17] Defendant's brief does not make clear whether the offset relates to any basis on which Defendant filed the notice of removal. Specifically, it is not clear whether the offset relates to Defendant's then-intended, not-yet-filed *counterclaim*, which was a basis for removal, or whether the offset represents a *defense*, which was not a basis for removal. Either way, the offset provides no objectively reasonable ground for removal.

of removal, not later"). In other words, Defendant has not shown why the alleged offset provides an objectively reasonable ground for removal.

Finally, Defendant continues to insist "removal is proper as the amount in controversy is the contractual amount of $161,000." (Doc. No. 19 at 1 ¶ 4.) This argument is wholly untethered to the facts and claims alleged in the complaint. On the face of the complaint, Plaintiff neither alleges it suffered any compensatory damages to the extent of the full contract price, nor asserts a claim for recovering any other compensatory damages.[18] Because Defendant failed to base its contract-price argument on the factual allegations and causes of action chosen by Plaintiff, its reliance on the full contract price to establish the amount in controversy lacks an objectively reasonable basis in law and fact. *See Roe*, 613 F.3d at 1065 ("To determine whether a complaint sets forth a claim that meets the jurisdictional minimum—as we must when cases are removed under the first paragraph of § 1446(b)—we examine the allegations in light of the particular causes of action chosen by the plaintiff.").

In sum, Defendant failed to demonstrate an objectively reasonable basis for removal because it failed to present *any*[19] relevant, case-specific evidence or colorable legal authority to support any ground on which it sought removal. Therefore, Plaintiff is entitled

---

[18]  Instead, Plaintiff alleges Defendant did not fulfill the contract, "performed virtually no substantive work of any kind," "refused to refund [Plaintiff's] *down payment*," and "ignored [Plaintiff's] calls and text messages." (Doc. No. 1-7 at 3 ¶¶ 6–7 (emphasis added).)

[19] The fact that just one penny makes the difference in the existence of jurisdiction does not absolve Defendant of its obligation to carry its burden, nor does it mitigate against an award of attorney's fees where Defendant presented *no* arguably-valid legal or factual support for the removal.

to $1,964.22[20] in reasonable attorney's fees and expenses incurred as a result of the removal. *See Martin*, 546 U.S. at 141.

## V.    CONCLUSION

Accordingly, Plaintiff's motion to remand (Doc. No. 8) and Plaintiff's motion for attorney's fees and costs (Doc. No. 8) are due to be granted.

A separate order will issue.

DONE this 28th day of July, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[20] Plaintiff supplied affidavits and other evidence in support of its request for $1,964.22 in attorney's fees and expenses. (Docs. No. 18-1 through 18-4.) Defendant does not dispute the amount requested. (Doc. No. 19.) The Court finds $1,964.22 represents the just, reasonable expenses, including attorney's fees, Plaintiff incurred as a result of the removal.